Judge Davidge
delivered the opinion of the Court.
THIS was an action of trover and conversion, by the plaintiff in error, to recover for the conversion of a number of hogs, which the defendant had caused to be sold under a distress warrant, as the property of a certain William F. Hansford.
On the trial of the cause below, the defendant moved the court to instruct the jury as in case ef a nonsuit, be *144 cause he bad not, at any time, such possession of the h°gs as subjected him to an action of trover and conversion, and the court accordingly gave the instruction.
conversion, The plaintiff who procures fcvy^rocess against one person on the ™fn" causes them to be sold, is conversion’ whether he take the possession or not.
fóPassumption over gootls where-owner i^de-privod of their posses-iooet'sonoi61 m person or by instructions to an other, is a sonversion.
Depew, for plaintiff.
The correctness of this decision is the only question for our determination. It is presented by a bill of exceptions taken to the opinion of the court below, in which the evidence is set forth.
]t appears that the hogs which were the subject of controversy, were the property of the plaintiff; that the defendant knew it and procured a distress warrant to be levied on them, and was active in procuring their sale, which he effected, and one Barnett became the purchaser*
sjon 0-fthe hogs, "and consequently it should have been ' We conceive the evidence, as set forth in the bill of exceptions, conduced to prove that there was a conver-left Í0 the
[f (jle officer converted the hogs by the agency or pro-curementof the defendant, he, the defendant, was lia-hie to the action; it was not necessary that he should have had the actual possession of them, to render himself liable.
apprehend the law to be, that any actual wrongful exercise or assumption, by a person himself, or by another by his procurement, over the goods of the real owner> by which he is deprived of them, is a conversion for which the action of trover will lie. 2 Saund. 47; 1 Chitty on Plead. 153; 6 Mad. 112; 2 Phil. Law of Evid. 119, and the authorities there cited.
The judgment must be reversed with costs, the cause remanded to the court below for new proceedings to be had, not inconsistent with this opinion.